IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUSTIN H. PETTY                                                                                  PLAINTIFF

v.                                          Civil No. 4:14-cv-04119

SHERIFF RON STOVALL;
WARDEN BRAZELL; LT.
ADAMS; NURSE GRIFFITH;
and NURSE HARRIS                                                                       DEFENDANT

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Justin Petty pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record he is currently incarcerated in the Miller County Correctional Facility. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's orders and failure to prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

**1.      BACKGROUND**

Plaintiff originally filed this case *pro se* on September 18, 2014. ECF No. 1. In his Complaint, Plaintiff claims his constitutional rights were violated when he was denied access to the courts. ECF No. 1. At the time he filed his Complaint, Plaintiff was incarcerated at the Miller

County Detention Center ("MCDC"). Plaintiff was subsequently transferred to the Arkansas Department of Correction ("ADC") and then released.

On March 27, 2015, the Court received mail sent to Plaintiff at the Arkansas Department of Correction returned as undeliverable mail and marked "Paroled." Upon its own research, the Court obtained an address for Plaintiff in Little Rock, Arkansas. The Clerk changed Plaintiff's address of record to the Little Rock address and resent Plaintiff's mailing. On April 10, 2015, this mailing was also returned as undeliverable mail.

The Court is unable to locate any other address for Plaintiff, therefore, the Court has no accurate address of record for Plaintiff. Further, Plaintiff was advised in the Court's September 18, 2014 Order that it was his responsibility to immediately inform the Court of any changes of address and that failure to do so could result in dismissal of this action. ECF No. 3.

Finally, Plaintiff has not communicated with the Court since filing a supplement to his Complaint in October 2014. ECF No. 5.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### 3.     DISCUSSION

Plaintiff has failed to comply with the Court's September 18, 2014 Order advising him to keep the Court informed of his current address (ECF No. 3).  Further, Plaintiff has failed to prosecute this matter as he has not communicated with the Court in approximately six months and he has not responded to two separate motions to dismiss filed by Defendants.  Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4. CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of April 2015.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE